FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 NOV -6  AM 9: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

JULIA M. CRAIG,                          }
                                         }
        Plaintiff,                       }
                                         }
v.                                       }        CASE NO. CV 98-B-2060-S
                                         }
BANK OF AMERICA NATIONAL                 }
TRUST & SAVINGS ASSOCIATION,             }
et al.                                   }
                                         }        ENTERED
        Defendants.                      }
                                                  NOV 06 1998

## MEMORANDUM OPINION

Currently before the court is the Motion to Dismiss, or, in the Alternative, Motion to

Transfer of defendants Bank of America National Trust & Savings Association, ("Bank of

America"), Genevieve Phares ("Phares"), Rita Dooley ("Dooley"), Linda Rapp ("Rapp"), and

Wayne F. Coates ("Coates").  Plaintiff Julia M. Craig ("Craig") filed this present action on July 2,

1998, in the Circuit Court of Jefferson County, alleging, *inter alia*, state law claims of fraud,

conversion, and violation of the UCC provisions dealing with presentment warranties and

unauthorized signatures, pertaining to both the joint checking account of plaintiff and her father

Grady Walker ("Walker") and Walker's safe deposit box at the Bank of America in Los Angeles,

California.  On August 13, 1998, defendants filed a Notice of Removal in the United States

District Court for the Northern District of Alabama, Southern Division on the basis of diversity of

citizenship.  Defendants argue that pursuant to 28 U.S.C. § 1391(a), venue is not proper in the

Northern District of Alabama.  Plaintiff counters that venue is proper because a substantial part of

the events, and/or omissions, including fraud, giving rise to the claim were advanced in Alabama.

Upon careful consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' Motion to Transfer is due to be granted and the Motion to Dismiss is due to be denied.  This case will be transferred to the United States District Court for the Central District of California, Western Division.

## FACTUAL SUMMARY

Plaintiff filed a complaint on July 2, 1998, in the Circuit Court of Jefferson County, alleging, *inter alia*, state law claims of fraud, conversion, and violation of the UCC provisions dealing with presentment warranties and unauthorized signatures, against the defendants pertaining to both the joint checking account of plaintiff and her father Grady Walker ("Walker") and Walker's safe deposit box at the Bank of America in Los Angeles, California.  (Pl.'s Compl.). Defendant Bank of America is incorporated in Delaware and its principal place of business is in San Francisco, California.  (Phares Aff. ¶ 1).[1]  All of the other individuals who were named as party defendants that are employees of the Bank of America are residents of California.  (Phares Aff. ¶ 3).

The joint checking account in question was opened by Walker at Bank of America's Industrial Branch in Los Angeles, California in August 1993.  (Phares Aff. ¶ 2).  Walker rented the safe deposit box at the same bank in December 1996.  (*Id.*).  All records relating to the checking account and safe deposit box are located at Bank of America's microfilm storage area in Los Angeles.  (*Id.*).  All alleged acts stated in the Complaint, if true, would have transpired in California.  (Phares Aff. ¶ 3).  All records, relevant documents, and sources of proof concerning

---

[1]Defendants submitted two affidavits from Ms. Phares.  All references to the Affidavit of Ms Phares refer to her first Affidavit submitted with defendants' Motion to Dismiss, or, in the Alternative, Motion to Transfer.

2

the allegations in the Complaint as they relate to Bank of America are kept in California.  (*Id.*).

## DISCUSSION

The United States District Court in the Northern District of Alabama is not the proper venue for this action.  Under 28 U.S.C. § 1391(a), venue is proper in a diversity action "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Bank of America has its principal place of business in San Francisco.  The bank which is the subject of this litigation is located in Los Angeles.  All of the other individuals who were named as party defendants that are employees of the Bank of America are residents of California.  Plaintiff makes no allegations that any defendant lives anywhere other than in California.  In addition, both the joint checking account and the safe deposit box were procured in a Los Angeles branch of Bank of America.  All of the alleged acts occurred in Los Angeles and the relevant bank records are kept in California.  Thus, all known defendants live in California and a substantial part of the events and/or omissions giving rise to the claim occurred in the Central District of California.

Plaintiff alleges that a substantial part of the events and/or omissions giving rise to the claim were advanced in Alabama.  However, plaintiff presents no evidence to support this

3

allegation.[2]  Rather, plaintiff merely claims in her Response that Bank of America has conducted business by telephone and the U.S. mail with the plaintiff who is a resident of Alabama.  Because plaintiff presents no evidence to contradict the affidavit of Genevieve Phares which states that all alleged acts which are the subject of this action would have transpired in California, she has failed to establish that venue is proper in the Northern District of Alabama.

Venue is proper where any defendant is subject to personal jurisdiction only "if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391 (a)(3).  However, it is clear that the action may be brought in the Central District of California since the individual defendants reside in California and a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California as well.  Conversely, there is no evidence that any defendant resides in the Northern District of Alabama nor is there any evidence that a substantial part of the events and/or omissions giving rise to the claim occurred in the Northern District of Alabama.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Because venue is improper in this district, the court deems that in the interest of justice this action should be transferred to the United States District Court for the Central District of California, Western Division, where venue is proper.

---

[2]Defendants filed a Motion to Strike plaintiff's opposition.  Defendants correctly note that plaintiff did not submit any evidence in opposition to defendants' motion.  Nevertheless, the court will deny defendants' Motion to Strike.

4

## CONCLUSION

Given that the Northern District of Alabama is an improper venue in this action and the Central District of California is a proper venue, the defendants' Motion to Transfer is due to be granted and the Motion to Dismiss is due to be denied. Therefore, the present action will be transferred to the United States District Court for the Central District of California, Western Division. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 6th day of November, 1998.

**SHARON LOVELACE BLACKBURN**
United States District Judge